714 S.E.2d 284

**In the Matter of Municipal Court Judge Sheryl Polk McKINNEY, Respondent.**

No. 27023.

Supreme Court of South Carolina.

Aug. 8, 2011.

Submitted July 20, 2011.

Decided Aug. 8, 2011.

Lesley M. Coggiola, Disciplinary Counsel, and Joseph P. Turner, Jr., Assistant Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Richard Alexander Murdaugh, of Hampton, for respondent.

PER CURIAM.

In this judicial disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension not to exceed thirty (30) days pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a thirty (30) day suspension. The facts as set forth in the agreement are as follows.

## FACTS

Respondent's sister, who was the Clerk of the Town of Varnville, was arrested and charged with embezzlement of public funds, forgery, and misconduct in office. Respondent's sister was accused of issuing checks in respondent's name, forging respondent's name to the checks, and converting the money for her personal use over an eight year period.

The South Carolina Law Enforcement Division (SLED) determined that respondent was not involved in any of the alleged misconduct in office involving her sister. There is no allegation or evidence that respondent was even aware of the alleged conduct leading to her sister's charges.

In the course of its investigation, SLED discovered checks made payable to respondent from the Varnville Police Department Victim's Assistance Fund and endorsed by respondent. These checks were from the Varnville Police Department and approved by the Chief of Police who wanted to supplement respondent's salary for extra work she performed after hours.[1] ODC has confirmed that the Chief of Police had approved the checks.

Respondent reports that her sister gave her the checks at the Clerk's Office and that she, in turn, endorsed the checks, and thereafter, respondent's sister gave her cash from the Clerk's Office. Respondent submits she was unaware that the funds came from a Victim's Assistance Fund as she just endorsed the checks and received the cash. ODC found no evidence that respondent ever took possession of the checks and can confirm that she never deposited them into her personal account. Respondent acknowledges that she was aware that the funds were from the Varnville Police Department, but she believed they were being provided to the town so that the town was actually supplementing her salary.

From 2002 until 2006, respondent received 43 checks totaling $4,890.00. The checks ranged from $50.00 to $200.00. Respondent submits she was unaware it would be improper for her to receive supplemental payments from the police department who prosecuted cases before her. She submits that the checks from the police department never affected her judicial decisions, but she now realizes the payments could give the impression she was not impartial.

There is no allegation or evidence that respondent ever ruled a particular way due to the payments from the police department. There is no allegation or any evidence that the judge made any decision not fully supported by the evidence.

Respondent has cooperated in ODC's investigation. Further, she has been forthright and honest in answering all of ODC's questions.

---

1. Respondent is a part-time judge who initially was paid $100 per month and is now paid $250 per month.

## LAW

By her misconduct, respondent has violated the following Canons of the Code of Judicial Conduct, Rule 501, SCACR: Canon 1 (judge shall uphold integrity and independence of the judiciary); Canon 1A (judge should maintain and enforce high standards of conduct and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); and Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary).

In addition, respondent admits her misconduct constitutes a violation of Rule 7, RJDE, of Rule 502, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for judge to violate Code of Judicial Conduct) and Rule 7(a)(9) (it shall be ground for discipline for judge to violate Judge's Oath of Office contained in Rule 502. 1, SCACR).

## CONCLUSION

We find respondent's misconduct warrants a suspension from judicial duties. We therefore accept the Agreement for Discipline by Consent and suspend respondent for thirty (30) days.

**DEFINITE SUSPENSION.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.